[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 06-14586
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 11, 2007
THOMAS K. KAHN
CLERK

BIA Nos. A96-087-073 & A96-087-074

INES CECILIA CASSIATO,
ANTONIO IGNACIO CARABALLO,
FERNANDO MARTIN ARDUA,
SERGIO GABRIEL ARDUA,
GEORGINA GISELLE CARABALLO,
JULIANO IGNACIO CARABALLO,

                                          Petitioners,

                    versus

U.S. ATTORNEY GENERAL,

                                          Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(July 11, 2007)**

Before ANDERSON, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Ines Cecilia Cassiato, her husband Antonio Ignacio Caraballo ("Antonio"), and her children Fernando Martin Ardua ("Fernando"), Sergio Gabriel Ardua ("Sergio"), Georgina Giselle Caraballo ("Georgina"), and Juliano Ignacio Caraballo ("Juliano"), collectively, "the petitioners," through counsel, petition this Court for review of the Board of Immigration Appeals' ("BIA") order adopting and affirming the Immigration Judge's ("IJ") decision: (1) dismissing the petitioners' asylum application as untimely, and (2) denying the petitioners' claims for withholding of removal under the Immigration and Nationality Act ("INA") and United Nations Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), INA § 241(b)(3), 8 U.S.C. § 1231(b)(3), 8 C.F.R. § 208.16(c).

As an initial matter, petitioner Fernando moves to dismiss this petition as to him without prejudice so he can pursue an adjustment of his status based on his marriage to a U.S. citizen. The motion is **GRANTED**.

The government asserts that this Court lacks jurisdiction to address any arguments made by petitioners because they have abandoned their claims.

We review only the BIA's decision, except to the extent that it expressly adopts the IJ's opinion. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). "Insofar as the [BIA] adopts the IJ's reasoning, [this Court] will review the

2

IJ's decision as well." Id. In this case, the BIA adopted the IJ's reasoning to the extent that the IJ found that Cassiato had neither satisfied the filing requirements for asylum nor established eligibility for withholding of removal. Accordingly, we will review the IJ's opinion to the extent it addresses these issues, and the BIA's opinion on all other issues. See Al Najjar, 257 F.3d at 1284.

"The BIA's factual determinations are reviewed under the substantial evidence test, and this Court must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Forgue v. U.S. Att'y Gen., 401 F.3d, 1282, 1286 (11th Cir. 2005) (quotation omitted). The substantial evidence test is "deferential" and does not allow "re-weigh[ing] the evidence from scratch." Mazariegos v. U.S. Att'y Gen., 241 F.3d 1320, 1323 (11th Cir. 2001).

When an appellant fails to offer argument on an issue, that issue is abandoned. See Sepulveda v. U.S. Atty. Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

An alien can apply for asylum if he "demonstrates by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States." INA § 208(a)(2)(B), 8 U.S.C. § 1158(a)(2)(B). An application filed after one year may also be considered "if the alien demonstrates to the satisfaction of the Attorney General either the existence

3

of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application within the period specified . . . ." INA § 208(a)(2)(D), 8 U.S.C. § 1158(a)(2)(D). Nevertheless, section 1158(a)(3) provides, "No court shall have jurisdiction to review any determination of the Attorney General under paragraph (2)." 8 U.S.C. § 1158(a)(3). We have held that § 1158(a)(3) divests our jurisdiction to review the BIA's determinations that an asylum applicant filed an untimely application and failed to establish changed or extraordinary circumstances to excuse his untimely filing. See Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003).

Here, the petitioners raise only arguments challenging the IJ's denial of asylum on the merits and do not address the IJ's denial of withholding of removal or CAT claims. However, the IJ also determined that the petitioners' application for asylum was untimely. We do not have jurisdiction to review that decision and, accordingly, we deny the petition.

**PETITION DENIED, MOTION GRANTED.**

4